

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Orville S. Carpenter
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. O-1856
Re: Under certain agreement
is Haskins & Sells a
continuing co-partnership.

We have your request for an opinion of this Department
as to whether, under the situation related in paragraphs 1 and
2 of your letter, Haskins & Sells is a continuing co-partnership.
Your letter reads, in part, as follows:

"I am attaching a copy of the Articles of Copart-
nership of the firm of Haskins & Sells, an employing
unit and employer under the Texas Unemployment Com-
pensation Act. The firm contends that these articles
provide for and establish a continuing partnership.
Its members assert that the partnership survives all
changes in personnel whether by withdrawal, addition
or death of members.

"Under the Texas Unemployment Compensation Act,
every change in the legal identity of an employing
unit must be taken into account. Each time a new
employing unit comes into existence (if its status is
that of an employer), an employer's account number is
assigned to it and an account set up for it. The
employer's employment record, as reflected by the
account, determines the rate of taxation of such
employer after January 1, 1941. Each employer, there-
fore, stands upon its own employment record. That
record cannot be used to benefit any other employer
nor can it be charged against any other employer."

................ TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Orville S. Carpenter, Page 2

Our attention is first focused on paragraph 8 of the Articles of Copartnership, which reads as follows:

"8. That upon the death or withdrawal of any member of the copartnership, the copartnership shall not terminate, and the estate of the deceased partner or withdrawing partner shall be deemed to have assigned, transferred and set over to the continuing partners all of his right, title, and interest in and to the said copartnership without any further act upon the part of the estate of a deceased partner or of such withdrawing partner. The continuing copartnership may be under this agreement or by executing a new agreement. Upon the admission of a new member or members to this copartnership either under this agreement or by a separate copartnership agreement, it shall be deemed that all of the right, title and interest of the parties hereto in and to the said copartnership are assigned, transferred and set over to the newly constituted and/or continuing copartnership, which shall assume all the obligations of this copartnership without any further act. The execution of a new copartnership agreement shall constitute a termination of this agreement without any further act."

The efforts of the copartners to establish a continuing partnership arrangement must be considered in the light of the pertinent provisions of our Texas Unemployment Compensation Law, Article 5221-b, Section 17 (e) of Vernon's Revised Civil Statutes, 1925, which reads in part:

"(e) 'Employing unit' means any individual or type of organization, including any partnership, association, trust, estate, joint-stock company, insurance company, or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor thereof, or the legal representative of a deceased person, which has or subsequent to January 1, 1936, had in its employ one or more individuals performing services for it within this State. . ."

Article 5221-b, Section 6 (d), Vernon's Revised Civil Statutes, 1925, provides as follows:

Hon. Orville S. Carpenter, Page 3

"(d) Any employing unit which is or becomes an
employer subject to this Act, and which under the pro-
visions of this subsection ceases to be an employer
subject to this Act and subsequent to such time be-
comes an employer subject to this Act by reason of
any of the provisions hereof, shall upon again be-
coming an employer subject to this Act be considered
a new employer without regard to any rights acquired
by it during the time that it had theretofore been
an employer."

The construction of your Commission that every new legal
identity must be taken into consideration appears to be based
upon sound principles, the liability of an Employing Unit being
assessed against the members of that unit. The law is well
settled that a retiring partner remains liable to existing
creditors, notwithstanding an assumption of debts by his succes-
sor or other partners, 32 Tex. Juris. p. 773; Reed vs. Shaw,
274 S. W. 274; Shaw v. Green, 99 S. W. (2d) 893. After the
death of a partner, his estate is liable for partnership obli-
gations created prior to his death. See Shaw vs. McMillan,
84 S. W. (2d) 536; Higgins vs. Rector, 46 Tex. 361; note 79
A.L.R. 1538, 1539.

In this factual situation the Articles of Copartnership
evidence a desire of the parties that death or withdrawal auto-
matically transfer the interest of the deceased or withdrawing
partner. The transfer of the interest may be so accomplished,
but does not clear this partner's account. The Legislature has
evidenced an intention that any change in the ownership of a
business operating under an assumed name, as do Haskins and
Sells, shall file an assumed name certificate. Article 5924,
Vernon's Revised Civil Statutes, 1925. The Legislature also
thought that any change of ownership should be made known and
required it by Article 5925, Vernon's Revised Civil Statutes.
A penalty for failure to comply with these provisions is pro-
vided in Article 1070 of our Penal Code.

The purpose of the above legislation is for the pro-
tection of the public in dealing with such a business. For the
determination of past and future obligations under the agreement
itself a new and different firm exists.

The agreement fails to provide the method and propor-
tion of descent to surviving partners of the deceased or with-
drawing partners interest. We believe such a situation
necessitates a new copartnership agreement. The wording of

paragraph 8 manifests a realization of the parties to the agreement that new Articles of Copartnership will doubtless be necessary upon death or withdrawal.

Paragraph 10 of the Articles of Copartnership reads as follows:

"10. That this agreement shall be in full force and effect until terminated by mutual consent of the parties hereto, or as hereinabove provided, or by the giving of thirty days' written notice by two or more parties holding a majority of interest, as herein provided, to the other parties, and any party hereto may withdraw from the copartnership upon giving thirty days' written notice of such intention to the other parties hereto."

The above provision states that it shall remain "in full force and effect until terminated by mutual consent of the parties hereto" or by withdrawal of two or more parties holding a majority of interest. We call attention to the partner Arthur E. Carter who owns sixty per cent of the partnership. If this partner should withdraw to whom and in what proportion would his interest pass. The obvious failure to attempt to dispose of this and other fact situations that can arise evince the thought that a new agreement would be drawn up.

There is a generally recognized principle of law that the business of a partnership may continue after death or withdrawal of a partner by specific agreement or instruction in the will of a deceased partner. However, the often cited Texas case on this point "Altgelt v. D. Sullivan and Co.," 79 Texas 335, does not purport to say that a continuance of a business is the same partnership.

An investigation of this principle and its application in other jurisdictions, we think, negatives any thought that it is the same partnership. People v. Zanigan, 133 N. E. 783; Andrews v. Stinson, 98 N. E. 225. We believe the language of Chief Justice Carter of the Supreme Court of Illinois in the last cited case is most pertinent here. We quote:

"Where there are provisions in the articles of agreement or will for the continuance of the business after the death of one of the partners, it is sometimes inaccurately said that the death of the partner does not dissolve the partnership. If the

business is carried on after the death of the partner under such arrangement or by the agreement of the heirs or personal representatives of the deceased, there is, in effect and in law, a new partnership, of which the survivors and the executors or heirs are the members, the new members becoming liable, as the old, to the creditors of the firm. 22 Am. & Eng. Ency. of Law (2d Ed.) 201, and cases cited; 1 Woerner's Am. Law of Administration (2d Ed.) § 123; Exchange Bank v. Tracy, 77 Mo. 594; McGrath v. Cowen, 57 Ohio St. 385, 49 N. E. 338; Mattison v. Farnham, 44 Minn. 95, 46 N. W. 347; Jones & Cunningham's Pr. (2d Ed.) 82; T. Pars. Partn. (3d Ed.) 439. See, also, 1 Bates on Partnership, § 52; Owens v. Mackall, 33 Md. 382.

The great weight of authority is to this effect and to us is convincingly sound. Any attempt by these Articles of Copartnership for the remaining partners to assume the interest, assets and liabilities of a deceased or withdrawing party overlooks the rights of creditors. A further thought is that persons contracting with this firm may have done so because of the ability of a particular member. Thus, the contract is one for personal service and does not survive the withdrawal of a certain partner.

We, therefore, advise you that a change in the personnel of the partnership fashions a new partnership and should be set up as a new employing unit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Morris Hodges.*

Morris Hodges
Assistant

MH:N

APPROVEDFEB 2, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN

